E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
International Narcotics, Money Laundering
& Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2229
    Facsimile: (213) 894-0142
    E-mail:   james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
8/11/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 2:23-cr-00401-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| DANIEL SANDOVAL, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

   ☐ a.   present offense committed while defendant was on release pending (felony trial),

   ☐ b.   defendant is an alien not lawfully admitted for permanent residence; and

|   |   |     |    |                                                                          |
|---|---|-----|----|--------------------------------------------------------------------------|
| 1 |   | ☐   | c. | defendant may flee; or                                                   |
| 2 |   | ☐   | d. | pose a danger to another or the community.                               |
| 3 | X |     | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| 6 |   | X   | a. | the appearance of the defendant as required;                             |
| 7 |   | X   | b. | safety of any other person and the community.                            |
| 8 | ☐ |     | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
|11 |   | ☐   | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
|14 |   | ☐   | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
|16 | ☐ |     | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):     |
|18 |   | ☐   | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
|22 |   | ☐   | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
|25 |   | ☐   | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |   | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 |   |   | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 5 |   |   | previously convicted of an offense described in |
| 6 |   |   | paragraph 5a - 5e below (whether Federal or |
| 7 |   |   | State/local), <u>AND</u> that previous offense was committed |
| 8 |   |   | while defendant was on release pending trial, <u>AND</u> the |
| 9 |   |   | current offense was committed within five years of |
| 10 |   |   | conviction or release from prison on the above- |
| 11 |   |   | described previous conviction (presumption of danger to |
| 12 |   |   | community). |
| 13 | ☐ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14 |   |   | If the Case Involves: |
| 15 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16 |   |   | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 17 |   |   | Federal crime of terrorism (as defined in 18 U.S.C. |
| 18 |   |   | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 19 |   |   | years' imprisonment or more; |
| 20 | ☐ | b. | an offense for which maximum sentence is life |
| 21 |   |   | imprisonment or death; |
| 22 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23 |   |   | 10 years' imprisonment or more; |
| 24 | ☐ | d. | any felony if defendant has two or more convictions for |
| 25 |   |   | a crime set forth in a-c above or for an offense under |
| 26 |   |   | state or local law that would qualify under a, b, or c |

|    |   |    |                                                                    |
|----|---|----|--------------------------------------------------------------------|
| 1  |   |    | if federal jurisdiction were present, or a combination             |
| 2  |   |    | or such offenses;                                                  |
| 3  | ☐ | e. | any felony not otherwise a crime of violence that                  |
| 4  |   |    | involves a minor victim or the possession or use of a              |
| 5  |   |    | firearm or destructive device (as defined in 18 U.S.C.             |
| 6  |   |    | § 921), or any other dangerous weapon, or involves a               |
| 7  |   |    | failure to register under 18 U.S.C. § 2250;                        |
| 8  | X | f. | serious risk defendant will flee;                                  |
| 9  | X | g. | serious risk defendant will (obstruct or attempt to                |
| 10 |   |    | obstruct justice) or (threaten, injure, or intimidate              |
| 11 |   |    | prospective witness or juror, or attempt to do so).                |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention        |
| 13 |   |    | hearing under § 3142(f) and based upon the following               |
| 14 |   |    | reason(s):                                                         |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

☐  7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: August 11, 2023            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ James A. Santiago*
JAMES A. SANTIAGO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA