E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER H. TRAN (Cal. Bar No. 338940)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0758
     Facsimile: (213) 894-0141
     E-mail:    alexander.tran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00401-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT DANIEL SANDOVAL |
| v. | |
| DANIEL SANDOVAL, | Hearing Date: August 5, 2024 |
| Defendant. | Hearing Time: 11:00 a.m. |
| | Location:    Courtroom of the Hon. Stephen V. Wilson |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexander H. Tran, hereby files its sentencing position regarding defendant Daniel Sandoval.

//

//

//

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report, and any other evidence or argument that the Court may permit.

Dated: 7/22/2024                    Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                    _____/s/_____
                                    ALEXANDER H. TRAN
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    INTRODUCTION**

3       Between March 21 and 23, 2021, defendant Daniel Sandoval

4  reported eight online tips to the United States Department of Defense

5  ("DoD") falsely claiming that certain female individuals were going

6  to perpetrate mass attacks at U.S. military facilities.

7       On February 12, 2024, defendant pled guilty to one count of

8  False Information and Hoaxes in violation of 18 U.S.C. § 1038(a)(1)

9  (ECF No. 24), pursuant to a plea agreement filed on December 12, 2023

10  (ECF No. 20, Plea Agreement).

11       The United States Probation & Pretrial Services Office ("USPO")

12  issued its Presentence Investigation Report ("PSR") on April 1, 2024,

13  calculating a total offense level of 13 and a Criminal History

14  Category of I, resulting in an advisory guideline range of 12 to 18

15  months imprisonment.  (ECF No. 26, PSR.)  The PSR did not identify

16  any factors that would warrant a departure or sentence outside of the

17  applicable Guidelines range.  (PSR ¶¶ 101-102.)

18       The government agrees with USPO's calculations of defendant's

19  total Guidelines offense level, criminal history, and payment

20  obligations.  For the reasons set forth below, the government submits

21  that a mid-point Guidelines term of imprisonment adequately addresses

22  the sentencing factors set forth in 18 U.S.C. § 3553(a), and requests

23  that the Court impose a sentence of 15 months' imprisonment, a three-

24  year term of supervised release, and the mandatory $100 special

25  assessment.  Such a sentence is sufficient, but not greater than

26  necessary, to punish defendant's wrongful conduct and provide general

27  and specific deterrence.

28

1

**II.  STATEMENT OF FACTS**

2

    **A.  Defendant Submitted Online Tips Falsely Reporting Threats Against the Federal Facilities and Personnel**

3

4      As described in the plea agreement and PSR, on March 21, 2021,

5  defendant provided an online tip to a United States Department of

6  Defense ("DoD") reporting system that falsely stated that S.C. was

7  planning to detonate explosive or other lethal devices in a "mass

8  attack" at a United States Navy weapons facility located in Seal

9  Beach, California.  According to defendant's tip, the attack would

10  involve "blowing up military vehicles stationary there and civilian

11  personnel vehicles."  (Plea Agreement ¶ 9.)

12      Over the course of the next two days, on March 22 and 23, 2021,

13  defendant made seven more online tips to the DoD, falsely identifying

14  additional female individuals who purportedly posed threats.  For

15  example, on or about March 22, 2021, defendant provided an online tip

16  to the DoD that falsely stated that S.H. and others planned to

17  detonate bombs or other explosives at a U.S. military hospital

18  located in Bell Gardens, California.  (Plea Agreement ¶ 9.)

19      On or about March 23, 2021, defendant provided an online tip to

20  the DoD that falsely stated that L.E. and others were planning to

21  detonate explosive devices and to conduct a mass shooting at an Army

22  Reserve Center located in South El Monte, California.  (Plea

23  Agreement ¶ 9.)

24      As a result of defendant's multiple false tips, which he knew

25  were false at the time he made them, there was a substantial

26  disruption of government services.  For example, defendant's false

27  tip on March 23, 2021 targeting a Navy facility resulted in the

28  evacuation of all personnel and resulted in the immediate

interruption of work and duties towards the warfighting readiness of
850 Navy Reservists.  (PSR ¶¶ 32-33.)

**III.  GUILTY PLEA AND PRESENTENCE REPORT**

On February 12, 2024, defendant pled guilty to one count of
False Information and Hoaxes in violation of 18 U.S.C. § 1038(a)(1)
(ECF No. 24), pursuant to a plea agreement filed on December 12, 2023
(ECF No. 20, Plea Agreement).

On April 1, 2024, USPO released the PSR.  (ECF No. 26.) In the
PSR, the USPO calculated defendant's offense level as 12, based on
the following calculation:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a)(1) |
| More Than Two Threats: | +2 | U.S.S.G. § 2A6.1(b)(2)(A) |
| Substantial Disruption: | +4 | U.S.S.G. § 2A6.1(b)(4)(A) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Zero-Point Offender: | <u>-2</u> | U.S.S.G. § 4C1.1 |
| Total Offense Level: | 13 | |

(PSR ¶¶ 45-58.)

The government agrees with USPO's calculations of defendant's
total Guidelines offense level, criminal history, and payment
obligations.  As defendant admitted in his plea agreement and at the
change of plea hearing, his unlawful conduct constituted more than
two threats and resulted in the substantial disruption of government
services.  (Plea Agreement ¶ 9.)  Because the defendant is in
Criminal History Category I, a total offense level of 13 results in
an advisory guideline range of 12 to 18 months' imprisonment.  (PSR ¶
88.)

3

**IV.  GOVERNMENT'S SENTENCING RECOMMENDATION**

    **A.  The Court Should Impose a Mid-Point Guidelines Sentence**

The government respectfully submits that an aggregate sentence of 15 months' imprisonment.  Such a sentence is warranted due to the nature and circumstances of the offense, the need to provide just punishment, the history and characteristics of the defendant, and the need for specific and general deterrence.

    1.  <u>Nature and Circumstances of the Offense</u>

<u>First</u>, the nature of the offense and seriousness of defendant's conduct demands a substantial term of imprisonment.  As described in the PSR and plea agreement, defendant knowingly and intentionally targeted government facilities and personnel by falsely reporting threats that were non-existent.  These threats involved frightening and disturbing allegations, including the use of weapons of mass destruction and the violent and sexual assault of military personnel. (PSR ¶¶ 15-31.)

Making matters worse, in all tips, defendant also falsely accused women that defendant previously dated or met through friends and school, of engaging in the fictitious threats.  (<u>See</u> id.)  For example, defendant falsely stated that S.C. was planning to detonate explosive or other lethal devices in a "mass attack" at a United States Navy weapons facility located in Seal Beach, California.  (PSR ¶ 19.)  Defendant also falsely reported that S.H. wanted to assault the naval base hospital in San Diego, California, by getting rid of Chinese and Asian Americans hospital patients and selling their organs on the black market.  (PSR ¶¶ 22-23.)  In another tip, defendant falsely reported that E.G. was attempting to sextort civilian personnel at the Naval Base Ventura in Point Mugu,

California.  (PSR ¶ 31.)  The aggravated nature of these false tips, including their disturbing violent, sexual, and racial overtones, all increase the seriousness of the offense and, together, warrant a substantial term of imprisonment.

### 2.  Defendant's History and Characteristics

Second, as described in the PSR, defendant reported no physical concerns, no current or past mental health concerns, and no history of substance abuse.  (PSR ¶¶ 73-75.)  Defendant also reported obtaining a bachelor's degree in 2016 and was pursuing a master's degree.  (PSR ¶ 76.)  Furthermore, defendant has no criminal history, which qualifies him as a zero-point offender.  (PSR ¶¶ 56-57, 60.)  Although defendant had not participated in a presentence interview at the time the PSR was issued, the information collected through collateral sources appears to indicate that defendant's background and upbringing were not contributing factors towards his criminal behavior for which he was charged.  Despite having a college education and the ability to lead a law-abiding life, defendant chose to engage in criminal behavior.

Indeed, defendant's disregard for the law was undeterred: despite facing a federal indictment and being released on bond pending trial, on or about January 17, 2024, defendant attempted to contact a victim involved in his offense conduct through a social media dating application.  (PSR ¶¶ 8-9.)  As a result of his conduct, the Court ordered defendant's bond conditions modified to include computer monitoring.  (PSR ¶¶ 12-13.)

### 3.  Need for Deterrence and to Promote Respect for the Law

Third, a 15-month sentence is necessary to deter others considering a similar course of conduct and to promote respect for

5

the law, both of which are paramount interests in this case.  These factors weigh strongly in favor of a significant term of imprisonment.

Reporting false tips involving threats against government facilities and personnel is an indisputably serious offense.  In this case, defendant fraudulently portrayed himself as a concerned citizen reporting dangerous threats against the government.  Defendant's unlawful conduct harmed not only the military bases he targeted and the personnel living or working on those bases, but also harmed the innocent women who he claimed were perpetrating these dangerous threats.  A 15-month sentence sends a strong message to deter others who would similarly attempt to file false reports targeting the government.  A significant term of imprisonment here will also promote respect for the law.

Balancing the Section 3553(a) factors, the government submits that a mid-point sentence of 15 months' imprisonment is sufficient but not greater than necessary.  Given the defendant's history and characteristics, the government submits that a three-year term of supervised release is appropriate.  Supervised release will give him the appropriate support to avoid crime, integrate into society, and the appropriate penalties should he breach the Court's trust.

## V.    CONCLUSION

For these reasons, the government requests that defendant be sentenced to 15 months' imprisonment, a three-year period of supervised release, and that he be ordered to pay the mandatory $100 special assessment.